JOHNSON, J.,
dissenting.
iu respectfully dissents for the following reasons; I am particularly concerned about the complaint filed by Mrs. Anna Manuel, whose son, Charles Ray Manuel was rendered a quadriplegic following a 1979 automobile accident.
*1036 Following successful litigation and a settlement of $1,295,000, Mrs. Manuel established an Irrevocable Inter Vivos Trust and named respondent, John E. Demor-uelle, Trustee. This complaint was filed in May 2000 requesting an accounting of the trust funds after she received notice that the trust was insolvent.
My main concern here is burden of proof. The respondent as trustee owed a fiduciary duty to the complaint, and it was his obligation to come forward with records that demonstrated that the settlement funds were properly managed. Respondent suggested he maintained no financial records whatsoever to document the trust activity. Certainly, the bank has records. Why were these not subpoenaed by the Disciplinary Counsel? Any mismanagement of trust funds would be grounds for disbarment. Considering the vulnerability of these victims, and with no concrete evidence at this time of the exact amount owed in restitution, I am not willing to close this matter with a fully deferred suspension.